UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMIR DELIC,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C19-1092 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting the opinion of his treating physician, Xandra Rarden, M.D. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 52 years old, has a high school education, and has worked as a house cleaner, laundry laborer, cable assembler, industrial cleaner, building maintenance laborer, and cable line technician. Administrative Record (AR) 24. Plaintiff applied for benefits in 2016, alleging disability as of September 3, 2015. AR 105, 15. Plaintiff's applications were denied initially and on reconsideration. AR 104, 117. After the ALJ conducted a hearing in April 2018, the ALJ

issued a decision finding Plaintiff not disabled. AR 31-103, 15-26.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the September 2015 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: status-post right hand laceration, and left shoulder rotator cuff tears and degenerative joint disease.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, occasionally crawling or climbing ladders, ropes, or scaffolds. He can occasionally reach overhead with his non-dominant left arm. He can occasionally handle and finger with the dominant right hand. He can have occasional exposure to vibrations and extreme cold.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR 17-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.[3]

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

An ALJ may only reject the uncontradicted opinion of a treating doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

1 treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it
2 by stating "specific and legitimate" reasons. *Id.*

3       In April 2016 Dr. Rarden filled out a Physical Functional Evaluation form, opining
4 Plaintiff was markedly to severely limited in all exertional and postural activities due to his left
5 shoulder pain, left foot pain, low back pain, and right hand injury. AR 409. He was unable to
6 meet the demands of even sedentary work. AR 410. In 2018 Dr. Rarden filled out a Request for
7 Medical Opinion form, agreeing that Plaintiff's "right hand injury … only allows him to use his
8 index and middle finger…." AR 564. She opined Plaintiff could stand/walk less than two hours
9 per day and use his hands "for holding, handling[,] and manipulating objects" less than one-third
10 of an 8-hour workday. AR 565.

11       The ALJ gave Dr. Rarden's opinions "[l]ittle weight" because they conflicted with
12 Plaintiff's activities. AR 24. Conflict with a claimant's activities "may justify rejecting a
13 treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ
14 noted Plaintiff "continued to work labor intensive jobs until 2015," took "care of his three young
15 children full time," and met "his own personal needs." AR 24.

16       Plaintiff's alleged onset date is September 3, 2015. AR 105. Although his impairments
17 stem from injuries occurring earlier than 2015, his condition has worsened over time. AR 68. A
18 December 2015 treatment note documents worsening pain over the last several months. AR 293.
19 Plaintiff's last job ended in September 2015 because he was unable to perform his duties. AR
20 57; *see also* AR 357 ("can no longer do [his previous work] due to his hand injury"). On this
21 record, Plaintiff's ability to work before September 2015 does not undermine Dr. Rarden's 2016
22 and 2018 opinions.

23       At the time of the April 2018 hearing, Plaintiff's three children were seven, five, and

three years old. AR 72. The oldest helped care for the younger ones by changing diapers, giving baths, helping them get dressed, and watching them. AR 77, 83. He helped around the house, doing laundry and dishes and a little cleaning. AR 83. He made meals such as sandwiches and microwave food. AR 83. Plaintiff also had a friend, a girlfriend, and a cousin who all helped him by cooking food, cleaning the house, changing sheets, buying food, taking him to the store, and fixing things around the house. AR 75-76, 80, 83-85; *see also* AR 501 (friends help out now that Plaintiff has full custody of his children). Without all this help, Plaintiff would not be able to care for his children. AR 80-82. The ALJ did not identify any activities Plaintiff performs in caring for his children that contradict Dr. Rarden's opinions. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("The ability to …, with significant assistance, care for one's daughter … is consistent with an inability to function in a workplace environment.").

Similarly, the ALJ did not identify how Plaintiff's self-care contradicts Dr. Rarden's opinions. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits…." *Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7 (9th Cir. 1996).

Plaintiff's activities were not a specific and legitimate reason to discount Dr. Rarden's opinions.

The Commissioner refers vaguely to objective medical evidence but identifies none that contradict Dr. Rarden's opinions. Dkt. 11 at 3-4. Conflict with medical evidence was also not a specific and legitimate reason to discount Dr. Rarden's opinions.

The ALJ erred by discounting Dr. Rarden's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

405(g).

On remand, the ALJ should reconsider Dr. Rarden's opinions, reassess the RFC as appropriate, and proceed to step five as needed.

DATED this 5 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5